LISA SCOLARI  
Attorney at Law  
20 VESEY STREET, SUITE 400  
NEW YORK, NEW YORK 10007  
scolarilaw@gmail.com  
(212) 227-8899  

March 5, 2023

**MEMO ENDORSED**

Hon. Laura Taylor Swain  
United States District Court  
Southern District of New York  
New York, New York 10007  
via ECF

**Re: United States v. Andrew Eliopoulos**,  
19 Cr. 651 (LTS)

Your Honor:

    I write with the consent of the government, by Samuel Rothschild, Esq., to request that the Court direct a revision to Andrew Eliopoulos' PSR, specifically that paragraph 66 be stricken in its entirety. That paragraph lists "Other Arrests" and refers to an N.Y.P.D. arrest on January 21, 2020. Mr. Rothschild has confirmed that refers to the arrest underlying the federal case and that, although N.Y.P.D. was present at Mr. Eliopoulos' arrest, N.Y.P.D. did not actually arrest Mr. Eliopoulos. A misinterpretation of that paragraph has impacted Mr. Eliopoulos' designation.

    Mr. Eliopoulos surrendered to Ft. Dix as directed and began serving his sentence on February 16, 2023. Unfortunately he has been kept in the F.C.I. at Ft. Dix rather than the Camp, due to the Bureau of Prisons misinterpretation of paragraph 66. Although the report specifically states, at paragraph 65, that there are no pending charges, the BOP has interpreted paragraph 66 to mean that there is an open case, based on the "arrest". Mr. Eliopoulos would otherwise qualify for camp designation but BOP rules prohibit an inmate with an open case from incarceration in a camp.

    In an effort to correct this misconception, I spoke with Michael Dorra, the Deputy Chief of Probation in the S.D.N.Y. Mr. Dorra communicated with BOP officials, confirming that Mr. Eliopoulos does not have a pending charge and explained that paragraph 66 was being misinterpreted as I described. Despite Mr. Dorra's efforts to correct the error via a conversation and follow up email with BOP officials, Mr. Eliopoulos remains confined to the FCI.

    The BOP official that Mr. Dorra spoke to suggested that it might be necessary to obtain a document from NYPD indicating that there was no pending case, but no such document exists. Therefore I believe that the only means of correcting the forgoing error is a revision of the report, redacting paragraph 66. Therefore I request that the Court direct that the PSR be revised, to redact paragraph 66 and that the revised report be forward to the BOP. The government, by Samuel Rothschild, Esq, consents.

Respectfully,  
*Lisa Scolari*  
Lisa Scolari

The foregoing request is granted. The Court hereby directs the Probation Department to revise the presentence report by striking paragraph 66 thereof for the reasons stated herein and to provide the revised version to the BOP. Docket entry no. 1390 resolved.  
SO ORDERED.  
3/6/2023  
/s/ Laura Taylor Swain