UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

   -v-                                                No. 19-cr-651-LTS-07

ANDREW ELIOPOULOS,

        Defendant.

-------------------------------------------------------x

ORDER

The Court has received and reviewed Defendant Andrew Eliopoulos's pro se motion for a reduction in sentence under 18 U.S.C. section 3582(c)(1)(A) (docket entry no. 1472 ("the Motion")), as well as the Government's opposition (docket entry no. 1474 ("Gov. Mem.")), and Mr. Eliopoulos's reply (the "Reply"), which was filed under seal. For the following reasons, the Court requests additional information from the parties.

Mr. Eliopoulos moves for a reduction in his sentence pursuant to 18 U.S.C. section 3582(c)(1)(A) which provides, in relevant part, that:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A). In ruling on a defendant's motion—where, as here, the Director of the Bureau of Prisons (the "BOP") has not brought the motion—the Court must consider whether the defendant has exhausted his administrative remedies. A defendant bears the burden of

showing that he exhausted his administrative remedies prior to filing a companionate release motion with a court.  See United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

The parties dispute whether Mr. Eliopoulos exhausted his administrative remedies before bringing the Motion.  The Government notes that Mr. Eliopoulos did not address exhaustion in his Motion and asserts that, "[a]ccording to the BOP, neither FCI Fort Dix, where the defendant was housed from the start of his imprisonment until approximately May 2023, nor FCI Fairton, where the defendant has been housed since approximately May 2023, reports having a record of receiving . . . a request [for a sentence reduction] from the defendant."  (Gov. Mem. at 6.)  In his Reply, Mr. Eliopoulos argues that he "has exhausted remedies" because:

> While at Fort Dix in 2023, Mr. Eliopoulos filed a BP-9 to the warden as well as a direct letter to Warden Knight. The first requested BP-9 was never answered by the warden at Fort dix thus exhausting the remedy process.  Upon arrival at Fairton Camp on June 1, 2023, Mr. Eliopoulos once again filed a BP-9 with the warden which to this day has never been responded to . . . .

(Reply at 2.)

Neither party provided the Court with evidence to support their exhaustion arguments.  Mr. Eliopoulos has not attached copies of the requests that he describes.  Nor has the Government provided any declaration from any individual with personal knowledge of BOP records or databases to support its assertion that the BOP has no record of Mr. Eliopoulos's requests for a sentence reduction.

For the foregoing reasons, the Court hereby orders the following:

- Mr. Eliopoulos is directed to submit to the Court, by **November 3, 2023**, either (1) copies of the requests he submitted at Fort Dix and Fairton FCI for a sentence reduction, as described in his Reply, or (2) a declaration indicating why he is unable to provide the Court with those copies.

- The Government is directed to file a submission, by **November 3, 2023**, that includes Mr. Eliopoulos's expected release date, taking First Step Act earned time credits into account.

Chambers will mail a copy of this order to Mr. Eliopoulos at the address below.

SO ORDERED.

Dated: New York, New York
October 13, 2023

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

Mailed to:

Andrew Eliopoulos
87282-054
Fairton FCI
P.O. Box 420
Fairton, NJ 08320