UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

   -v-                                                    No. 19-CR-651-LTS-07

ANDREW ELIOPOULOS,

       Defendant.

-------------------------------------------------------x

## Order

The Court has received and reviewed Defendant Andrew Eliopoulos's pro se motion for a reduction in sentence under 18 U.S.C. section 3582(c)(1)(A) (docket entry no. 1472 ("the Motion")), as well as the Government's opposition (docket entry no. 1474 ("Gov. Mem.")), Mr. Eliopoulos's reply (the "Reply"), which was filed under seal, Mr. Eliopoulos's declaration (docket entry no. 1481 (the "Declaration")), and the Government's letter regarding Mr. Eliopoulos's expected release date (docket entry no. 1483). The Court has carefully considered the parties' submissions, and, for the following reasons, the Motion is denied.

## Background

The charges in this case arose out of a transnational ATM skimming and money laundering organization (the "Skimming Organization"). (Gov. Mem. at 1.) Between at least in or about 2014 until at least in or about September 2019, the Skimming Organization built and installed high-technology devices on ATMs and point-of-sale purchasing terminals at stores and elsewhere. (Id.) The Skimming Organization unlawfully obtained victim account holders' debit card account information by using those advanced technological devices to surreptitiously record the debit card numbers and personal identification numbers at ATMs, and then manufacturing counterfeit and fraudulent debit cards that bore the victim account holders' account information.

(Id.)  Mr. Eliopoulos participated in the Skimming Organization between 2016 to 2018 by, among other things, "cashing out" from compromised accounts.  (Id. at 2.)  The skimming operations in which Mr. Eliopoulos participated resulted in a total loss of approximately $1,348,693.54.  (Id.)

Mr. Eliopoulos pled guilty to conspiracy to commit wire and bank fraud in violation of 18 U.S.C. section 1349 in October 2021 and was sentenced to 24 months' imprisonment in November 2022.  (Gov. Mem. at 3.)  Mr. Eliopoulos surrendered in February 2023 and was initially housed at FCI Fort Dix; in around May 2023, he was transferred to FCI Fairton.  (Id. at 4.)  The Government notes that, with good time credit, Mr. Eliopoulos's expected release date is September 25, 2024.  (Docket entry no. 1483.)  Under 18 U.S.C. section 3624(c), Mr. Eliopoulos is eligible for a maximum of twelve months of placement in a residential reentry center, or halfway house, and will be eligible for home confinement on July 15, 2024.  (Id.)

DISCUSSION

Mr. Eliopoulos moves for a reduction in his sentence pursuant to 18 U.S.C. section 3582(c)(1)(A) which provides, in relevant part, that:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A).  In ruling on such a motion, the Court therefore considers (1) whether the defendant has exhausted his administrative remedies; (2) "the factors set forth in section 3553(a) to the extent that they are applicable" and (3), in light of those factors, whether the

defendant's proffered "extraordinary and compelling reasons" for a sentence reduction warrant such a reduction. The Court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release," and the "district court's discretion in this area—as in all sentencing matters—is broad." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). "The only statutory limit" on this discretion is that "rehabilitation alone shall not be considered an extraordinary and compelling reason." Id. at 237-38 (quoting 28 U.S.C. § 994(t)). "The defendant has the burden to show he is entitled to a sentence reduction" under section 3582(c)(1)(A). United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

       The Court considered the full range of section 3553(a) factors as applied to Mr. Eliopoulos in formulating his sentence in November 2022. (See docket entry no. 1324 ("Sentencing Tr.").) The Court considered the seriousness, albeit "limited" nature, of Mr. Eliopoulos's participation in the credit card skimming operation from 2016 and 2018. (Id. at 18:9-19:3.) The Court also recognized his steady employment record in the construction industry and active involvement with the Save a Young Life Foundation that helps children in need. (Id. at 19:7-20:1.) The Court further acknowledged that Mr. Eliopoulos was recently married, and that he and his wife dreamed of having a big family together in the future. (Id. at 20:2-3.) Taking all of these factors into account, the Court sentenced Mr. Eliopoulos to 24 months of imprisonment (below the Sentencing Guidelines range of 41 to 51 months) for his participation in the Skimming Operation. Mr. Eliopoulos now moves for a reduction in his sentence.

       The Court first addresses exhaustion, which is disputed here. A defendant bears the burden of showing that he exhausted his administrative remedies prior to filing a

compassionate release motion with a court.  See Ebbers, 432 F. Supp. 3d at 426.  The Government notes that Mr. Eliopoulos did not address exhaustion in his Motion and asserts that, "[a]ccording to the BOP, neither FCI Fort Dix, where the defendant was housed from the start of his imprisonment until approximately May 2023, nor FCI Fairton, where the defendant has been housed since approximately May 2023, reports having a record of receiving . . . a request [for a sentence reduction] from the defendant."  (Gov. Mem. at 6.)  The Government, however, has not provided any declaration from any individual with personal knowledge of BOP records or databases to support its assertion that the BOP has no record of Mr. Eliopoulos's requests for a sentence reduction.  In his Reply, Mr. Eliopoulos proffers a declaration and argues that he "has exhausted remedies" because:

> While at Fort Dix in 2023, Mr. Eliopoulos filed a BP-9 to the warden as well as a direct letter to Warden Knight. The first requested BP-9 was never answered by the warden at Fort dix thus exhausting the remedy process.  Upon arrival at Fairton Camp on June 1, 2023, Mr. Eliopoulos once again filed a BP-9 with the warden which to this day has never been responded to . . . .

(Reply at 2.)  In his declaration, Mr. Eliopoulos swears that he submitted such requests but cannot provide the Court with copies of those requests either because they were "lost" or "due to the B.O.P. violation of Due Process."  (Declaration at 1.)  The Court finds that Mr. Eliopoulos has adequately demonstrated exhaustion of his administrative remedies because he proffered a sworn declaration asserting that he presented his request to the warden more than 30 days prior to filing this Motion.  See United States v. Boccanfuso, No. 15-CR-341-LTS-3, 2023 WL 3741980, at *3 (S.D.N.Y. May 31, 2023).

    On the merits, Mr. Eliopoulos points to a number of concerns related to the birth of his first child with his wife.  Specifically, Mr. Eliopoulos argues that the new strain of COVID-19, as well as the heightened risk of contracting COVID-19, the flu, or RSV at the

halfway house where he is due to be released, poses a great danger to his child and his wife due to her pre-existing health conditions. (Motion at 1.) Mr. Eliopoulos also noted that, because his wife had to take unpaid leave from work to care for their child, he will be the sole breadwinner for their growing family. (Reply at 1.) Mr. Eliopoulos attached a letter from his former employer, indicating that he had a job waiting for him upon his release, to his Reply.

The Court concludes that Mr. Eliopoulos has not presented extraordinary or compelling circumstances warranting a reduction in his sentence. As an initial matter, Mr. Eliopoulos has not presented circumstances that fall under the "extraordinary and compelling reasons" described in the 2023 amendment to the Sentencing Guidelines.[1] United States Sentencing Commission, Guidelines Manual, § 1B1.13(b)(1)-(4) (Nov. 2023). Moreover, while the Court acknowledges Mr. Eliopoulos's desire to protect his growing family from exposure to the new strain of COVID-19, there is no reason to doubt that Mr. Eliopoulos's plan to work outside the home might similarly expose his family to such a risk and that such risk is not, in the present day, an extraordinary or even unusual one. For this reason, Mr. Eliopoulos has failed to present compelling circumstances. Likewise, Mr. Eliopoulos's financial concerns do not present

---

[1] The "extraordinary and compelling reasons" described in the Sentencing Guidelines are related to the medical condition of the defendant, age of the defendant, family circumstances, and abuse suffered by a defendant while in custody. United States Sentencing Commission, Guidelines Manual, § 1B1.13(b)(1)-(4) (Nov. 2023). The specific family circumstances described are (1) the death or incapacitation of the caregiver of the defendant's minor children or (2) the incapacitation of the defendant's spouse or parent. Id. Mr. Eliopoulos does not present any of these circumstances in his Motion. While the Guidelines also contemplate the potential for a finding that "other circumstance[s] or combination[s] of circumstances" could, alone or together with reasons identified in the Guideline, constitute extraordinary or compelling reasons, such circumstances or combination of circumstances must be "similar in gravity" to those enumerated in the Guidelines. See id. § 1B1.13(B)(5). Mr. Eliopoulos has identified no such circumstances.

compelling circumstances because he will be permitted to work and provide for his family upon his release to a residential reentry center.

## CONCLUSION

Mr. Eliopoulos's motion for a reduced sentence pursuant to 18 U.S.C. section 3582 is denied for the reasons set forth above.  This order resolves docket entry no. 1472.

SO ORDERED.

Dated: New York, New York
November 7, 2023

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

Mailed to:

Andrew Eliopoulos
87282-054
Fairton FCI
P.O. Box 420
Fairton, NJ 08320