UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

   -v-                                                      No. 19-CR-651-LTS-07

ANDREW ELIOPOULOS,

        Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

The Court has received and reviewed Defendant Andrew Eliopoulos's second pro se motion for a reduction in sentence under 18 U.S.C. section 3582(c)(1)(A) (docket entry no. 1512 (the "Motion")), as well as the Government's opposition (docket entry no. 1515 ("Gov. Mem.")), and Mr. Eliopoulos's reply (docket entry no. 1517 (the "Reply")). The Court has carefully considered the parties' submissions, and, for the following reasons, the Motion is denied.

### BACKGROUND

The charges in this case arose out of a transnational ATM skimming and money laundering organization (the "Skimming Organization"). (Gov. Mem. at 1.) Between at least in or about 2014 until at least in or about September 2019, the Skimming Organization built and installed high-technology devices on ATMs and point-of-sale purchasing terminals at stores and elsewhere. (Id.) The Skimming Organization unlawfully obtained victim account holders' debit card account information by using those advanced technological devices to surreptitiously record the debit card numbers and personal identification numbers at ATMs, and then manufactured counterfeit and fraudulent debit cards that bore the victim account holders' account information. (Id.) Mr. Eliopoulos participated in the Skimming Organization between 2016 to 2018 by,

among other things, "cashing out" from compromised accounts. (Id. at 2.) The skimming operations in which Mr. Eliopoulos participated resulted in a total loss of approximately $1,348,693.54. (Id.)

Mr. Eliopoulos pled guilty to conspiracy to commit wire and bank fraud in violation of 18 U.S.C. section 1349 in October 2021 and was sentenced to 24 months of imprisonment in November 2022. (Gov. Mem. at 3.) Mr. Eliopoulos surrendered in February 2023 and was initially housed at FCI Fort Dix; in around May 2023, he was transferred to FCI Fairton; and, on or about January 11, 2024, Mr. Eliopoulos was transferred to a residential reentry center in New York City. (Id. at 4.) The Government notes that, with good time credit, Mr. Eliopoulos's expected release date is May 28, 2024. (Id.)

## Discussion

Mr. Eliopoulos moves for a reduction in his sentence pursuant to 18 U.S.C. section 3582(c)(1)(A) which provides, in relevant part, that:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 118-41). In ruling on such a motion, the Court therefore considers (1) whether the defendant has exhausted his administrative remedies; (2) "the factors set forth in section 3553(a) to the extent that they are applicable" and whether the reduction sought is consistent with policy guidance from the Sentencing Commission; and (3) in

light of the statutory factors and Commission guidance, whether the defendant's proffered "extraordinary and compelling reasons" for a sentence reduction warrant such a reduction.

The Court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release," United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020), and the "district court's discretion in this area—as in all sentencing matters—is broad[,]" United States v. Zelaya-Romero, No. 15-CR-174-LGS, 2024 WL 1598209, at *2 (S.D.N.Y. Apr. 12, 2024) (citations omitted). "The Court may consider all circumstances in combination or in isolation, except that rehabilitation alone, may not be the ground for a reduction." United States v. Brito, No. 11-CR-576-PKC, 2024 WL 1597787, at *3 (S.D.N.Y. Apr. 12, 2024) (quoting Brooker, 976 F.3d at 237-38). "A Policy Statement issued by the United States Sentencing Commission effective November 1, 2023 present[s] helpful guidance to a Court considering a motion to reduce a sentence for extraordinary and compelling reasons." Id. "The defendant has the burden to show he is entitled to a sentence reduction" under section 3582(c)(1)(A). United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

As an initial matter, the Court considered the full range of Section 3553(a) factors as applied to Mr. Eliopoulos in formulating his sentence in November 2022. (See docket entry no. 1324 ("Sentencing Tr.").) The Court considered the serious nature, albeit "limited" scope, of Mr. Eliopoulos's participation in the credit card skimming operation from 2016 to 2018. (Id. at 18:9-19:3.) The Court also recognized his steady employment record in the construction industry and active involvement with the Save a Young Life Foundation, which helps children in need. (Id. at 19:7-20:1.) The Court further acknowledged that Mr. Eliopoulos was recently married, and that he and his wife dreamed of having a big family together in the future. (Id. at

20:2-3.) Taking all of these factors into account, the Court sentenced Mr. Eliopoulos to 24 months of imprisonment (below the Sentencing Guidelines range of 41 to 51 months) for his participation in the Skimming Operation. Mr. Eliopoulos's recent parenthood and employment situation do not materially change the Court's evaluation of the applicable Section 3553(a) factors.

The Court next addresses exhaustion. While a defendant bears the burden of showing that he exhausted his administrative remedies prior to filing a compassionate release motion with a court, see Ebbers, 432 F. Supp. 3d at 426, courts in this District have held that the "exhaustion requirement is amenable to equitable exceptions" and may be excused, United States v. Scparta, 567 F. Supp. 3d 416, 426 (S.D.N.Y. 2020). The Government notes that Mr. Eliopoulos did not address exhaustion in his Motion and asserts that, "BOP, including the Residential Reentry Center, reports having no record of receiving" a request to reduce Mr. Eliopoulos's sentence. (Gov. Mem. at 9.) In his Reply, Mr. Eliopoulos argues that his failure to exhaust his administrative remedies should be excused because, he proffers, the residential reentry center told him "to put the motion in through the courts" and that he "was not made aware that it was possible to send the motion through the residential Reentry center first." (Reply at 1.)

Even if the Court were to accept as sufficient Mr. Eliopoulos's representations concerning failed efforts to exhaust his administrative remedies, Mr. Eliopoulos has not, on the merits, presented extraordinary or compelling circumstances warranting a reduction in his sentence. Mr. Eliopoulos argues that extraordinary and compelling circumstances warrant a reduction in his sentence so that he may "travel around the tri-state area for work which is being requested from his employer as their company grows and acquires new projects[,]" representing

that "he may be in jeopardy of losing his employment" if he cannot travel to the new projects and emphasizing that he has a seven-month-old child and wife that he provides for.  (Motion at 1.) "[S]upplying an income for [his] family to live and eat is," Mr. Eliopoulos argues, "an extraordinary circumstance."  (Reply at 1.)

Difficulties in obtaining or maintaining employment while fulfilling the terms of a criminal sentence are not, unfortunately, unusual.  Nor is it extraordinary that Mr. Eliopoulos takes seriously his responsibility for the support of his growing family and is deeply concerned about his ability to fulfill that responsibility.  That his circumstances are not "extraordinary and compelling reasons" for which Section 3582(c)(1) permits the Court to modify Mr. Elipoulos' sentence is made clear by the Sentencing Commission's recently-issued policy statement introduced by its 2023 amendment to the Sentencing Guidelines.  United States Sentencing Commission, Guidelines Manual, § 1B1.13(b)(1)-(4) (Nov. 2023).  The Court's statutory ability to modify sentences under Section 3582(c) is limited to circumstances in which the reduction is "consistent with" the Commission's policy statement.  The newly-issued guidance defines "extraordinary and compelling reasons" as ones related to the medical condition of the defendant, age of the defendant, family circumstances, and abuse suffered by a defendant while in custody.  United States Sentencing Commission, Guidelines Manual, § 1B1.13(b)(1)-(4) (Nov. 2023).  The specific family circumstances described in the policy statement are (1) the death or incapacitation of the caregiver of the defendant's minor children or (2) the incapacitation of the defendant's spouse or parent.  Id.  Mr. Eliopoulos does not present any such circumstances in his Motion.

While the Guidelines also contemplate the potential for a finding that "other circumstance[s] or combination[s] of circumstances," could constitute extraordinary or

compelling reasons, the policy statement provides that such circumstances or combination of circumstances must be "similar in gravity" to those enumerated in the Guidelines. See id. § 1B1.13(B)(5). Mr. Eliopoulos has identified no such circumstances. (See Gov. Mem. at 9 ("That the defendant's term of imprisonment might interfere with his employment is unsurprising and is not akin to the death or incapacitation of one individual that would result in another individual requiring the defendant's care.").) This conclusion is bolstered by the parties' representations that (1) "[a]ccording to the BOP and the Residential Reentry Center, requests to travel for work are frequently approved so long as there are no safety or security concerns" (Gov. Mem. at 10), (2) Mr. Eliopoulos's "employer is trying to keep [him] on board" (Reply at 1), and (3) Mr. Eliopoulos's expected release date from the residential reentry center is imminent.

## CONCLUSION

Mr. Eliopoulos's motion (docket entry no. 1512) for a reduced sentence pursuant to 18 U.S.C. section 3582(c)(1) is denied for the reasons set forth above.

This Order resolves docket entry no. 1512.

SO ORDERED.

Dated: New York, New York
April 16, 2024

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

Copy mailed to:

Andrew Eliopoulos
151-26 20th Ave
Whitestone, NY 11357